UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 15-096-DCR |
| ) | |
| V. ) | |
| ) | |
| ANTOINE EDWARD WOODS, JR., ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Antoine Woods, Jr., pleaded guilty to conspiring to distribute heroin in violation of 21 U.S.C. § 846. [Record No. 29] He was sentenced on June 27, 2016, to a term of incarceration of 125 months. [Record No. 46] Woods has moved for the appointment of counsel so that he may pursue a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. [Record No. 59] Woods' motion will be denied because the recent amendment provides no basis to reduce his sentence.

Amendment 821 (Part A), which became effective on November 1, 2023, eliminates all "status points" for defendants with six or fewer criminal history points. *See* U.S.S.G. Amend. 821, eff. Nov. 1, 2023. And for defendants who have a subtotal criminal history score of seven or more points, like Woods, status points are reduced from two to one. While Amendment 821 may apply retroactively to reduce the sentences of certain defendants who have already been sentenced, a reduction is not authorized where the amendment "does not have the effect of lowering the defendant's applicable guideline range." *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010). That is the case here.

At the time of his sentencing hearing, Woods had 11 criminal history points (including status points) which placed him in Criminal History Category V. [PSR, ¶ 41] Consistent with Amendment 821, Woods would be eligible to have the number of assessed status points reduced from two to one—resulting in a recalculated 10 criminal history points. But 10 criminal history points still falls within Criminal History Category V. Because Woods' guideline calculation would not be affected, he is not eligible for a sentence reduction pursuant to Amendment 821. For that reason, appointing counsel would be a waste of judicial resources.

Accordingly, it is hereby

**ORDERED** that Defendant Woods' motion for the appointment of counsel [Record No. 59] is **DENIED**.

Dated: March 19, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky